[Cite as *State v. Cooper*, 2016-Ohio-5074.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-15-1243

        Appellee                                Trial Court No. CR0201102847

v.

Paul Cooper                                        **DECISION AND JUDGMENT**

        Appellant                                Decided:  July 22, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Merle R. Dech, Jr., for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 18, 2015 denial of appellant's petition for

postconviction relief following appellant's convictions on one count of murder, in

violation of R.C. 2903.02(A), an unclassified felony, and one count of murder while

committing felonious assault, in violation of R.C. 2929.02, an unclassified felony. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Paul Cooper, sets forth the following assignment of error:

I. The trial court erred in denying defendant's motion for post-conviction relief.

{¶ 3} The following undisputed facts are relevant to this appeal. On October 26, 2011, Darnell Frison was visiting with several of his cousins, and a girlfriend of one of the cousins, at a residence in West Toledo. While spending time together, the group was consuming alcohol and crack cocaine. When the supply began to run out, Frison walked to a nearby neighborhood store in order to purchase additional alcohol.

{¶ 4} While at the store, Frison encountered Michael Heidtman, the victim in this case. Heidtman inquired if Frison knew of anyone from whom Heidtman could purchase cocaine. Frison replied affirmatively and instructed the victim to accompany him back to the residence where the group was partying.

{¶ 5} Upon arrival back at the residence, Frison phoned appellant. Appellant had sold drugs to Frison on multiple past occasions. Arrangements were made for Frison and the victim to meet appellant in the parking lot of the neighborhood store where Frison had just purchased the additional alcohol.

{¶ 6} At the designated time and location, the parties met in the parking lot in accordance with the previously arranged drug transaction with appellant. During the

2.

course of the transaction, the victim took the crack cocaine from appellant without paying appellant and fled the scene on foot.

{¶ 7} Frison commenced a foot chase of the victim into the adjacent neighborhood. Ultimately, Frison caught the victim, tackled him, and retrieved appellant's crack cocaine from the victim's pockets. The victim left the location. In the interim, appellant arrived at the location. Upon retrieving his crack cocaine, appellant became upset and proclaimed that his crack cocaine was diminished by the victim, weighing less than it originally did.

{¶ 8} At this point, the victim returned to the location. Appellant, armed with a gun, approached the victim and shot him at point-blank range. The victim was killed.

{¶ 9} Following these events, appellant was indicted on one count of murder, in violation of R.C. 2903.02(A), an unclassified felony, and one count of murder while committing felonious assault, in violation of R.C. 2903.02(B), an unclassified felony. On September 21, 2012, the matter proceeded to jury trial. Appellant was found guilty on both counts and sentenced to a total term of incarceration of 18 years to life.

{¶ 10} On June 18, 2013, appellant filed a petition for postconviction relief. In support, appellant maintained that reversible error occurred when trial counsel decided not to call appellant's fiancé as an alibi witness due to tactical considerations. Trial counsel instead presented an alternative alibi witness. The matter was briefed by both parties and on June 11, 2015, an evidentiary hearing was conducted.

3.

{¶ 11} Trial counsel testified at the hearing that a strategic decision was made to call an alternative witness in lieu of appellant's fiancé due to the considerable risk that cross-examination of appellant's fiancé would result in testimony being placed on the record of appellant's history of drug dealing given the knowledge of the fiancé of those unlawful activities. Trial counsel further testified that the decision on which alibi witness to call was fully discussed with appellant at the time of the decision and that appellant concurred in the determination.

{¶ 12} By contrast, appellant's fiancé testified at the hearing that although appellant did leave her apartment on the night of the murder, she estimated that he returned at a time frame she believed to be shortly before the murder was reported to have occurred.

{¶ 13} On August 17, 2015, the trial court found that appellant had failed to satisfy the burden of proof in support of the petition for postconviction relief. The trial court held in relevant part, "[C]ounsel's decision was the result of a deliberate, strategic choice that the potential benefits of [the fiancé's] testimony * * * was outweighed by the risk of producing a witness outside the criminal milieu who would corroborate defendant's drug dealing history." The petition was denied. This appeal ensued.

{¶ 14} A disputed trial court denial of a petition for postconviction relief will not be reversed on appeal unless an abuse of discretion is demonstrated. *State v. Rodriguez,* 6th Dist. Wood No. WD-14-075, 2015-Ohio-562, ¶ 7. An abuse of discretion connotes more than a mere error of law or judgment. It requires finding that the trial court's

4.

decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 15} In applying these controlling legal principles to the record of evidence in this case, it cannot be shown that the considered, tactical determination of trial counsel to not take the risk of utilizing a particular alibi witness due to probable adverse cross-examination testimony, particularly when an alternative alibi witness not possessing similar cross-examination risk was available, in any way breached a constitutional right of appellant and caused material prejudiced to appellant. As such, we find that the record does not show that the denial of appellant's petition for postconviction relief was unreasonable, arbitrary, or unconscionable.

{¶ 16} Wherefore, we find that substantial justice has been done in this matter. Appellant's assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                                         _____

                                                                                               JUDGE

Thomas J. Osowik, J.

                                                                     _____

Stephen A. Yarbrough, J.                                                 JUDGE
CONCUR.

                                                                      _____
                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.